ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JARDÍN DEL EDÉN, INC.<br><br>Recurrido<br><br>v.<br><br>ALEJANDRO MAYENDÍA BLANCO<br><br>Peticionario | KLCE202500487 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV01510<br><br>Sala: 402<br><br>Sobre: Entredicho Provisional, *Injunction* Preliminar, *Injunction* Permanente, Sentencia Declaratoria, Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

Compareció el Sr. Alejandro Mayendía Blanco (en adelante, "señor Mayendía Blanco" o "peticionario") mediante recurso de *Certiorari* presentado el 5 de mayo de 2025. Nos solicitó la revocación de la Orden *Injunction* Preliminar emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro primario"), el 4 de abril de 2025 y notificada en igual fecha. En ese dictamen, el foro primario declaró ha lugar una orden de *injunction* preliminar contra el señor Mayendía Blanco con una fianza de quinientos dólares ($500.00).

Por los fundamentos que expondremos a continuación, **se deniega la expedición** del auto de *Certiorari*.

---

[1] Mediante la Orden Administrativa DJ 2024-062C, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones, emitida el 6 de mayo de 2025, se designó al Juez Isaías Sánchez Báez en sustitución de la Jueza Monsita Rivera Marchand.

Número Identificador

RES2025_____

**-I-**

El 24 de marzo de 2025, Jardín del Edén, Inc. (en adelante, "Jardín del Edén" o "recurrido") instó *Demanda Jurada* sobre entredicho provisional, *injunction* preliminar, *injunction* permanente, sentencia declaratoria y cobro de dinero contra el señor Mayendía Blanco.[2] Alegó, en síntesis, que el señor Mayendía Blanco se ha aprovechado de su relación filial con la Sra. Nell Blanco Casasnovas (en adelante, "señora Blanco Casasnovas") para beneficiarse de los activos corporativos del Jardín del Edén. Lo anterior, aun cuando existe una *Orden de Protección para el Adulto Mayor (Ex Parte)*[3] vigente en su contra bajo la Ley Núm. 121-2019, según enmendada, conocida como "Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores", 8 LPRA sec. 1511 *et seq.* Por lo cual, solicitó que se ordenara al señor Mayendía Blanco el cese inmediato de la apropiación no autorizada de los activos corporativos para beneficio personal o para la operación de otras entidades.

En igual fecha, Jardín del Edén presentó una *Solicitud ex parte de orden de entredicho provisional sin vista previa e injunction preliminar bajo la Regla 57 de Procedimiento Civil.*[4] Reiteró sus argumentos de la *Demanda Jurada* y alegó que ello demostraba la necesidad de expedir una orden de entredicho provisional *Ex Parte* sin vista previa y citar para una vista de *injunction* preliminar.

Al día siguiente, el 25 de marzo de 2025, el foro primario emitió una *Orden* mediante la cual citó a las partes a una vista de remedio provisional o *injunction*.[5] Además, emitió *Resolución* en la que declaró no ha lugar la solicitud de entredicho provisional debido a que no cumplió con los criterios para expedir una orden a esos efectos.[6]

---

[2] Apéndice del peticionario, págs. 1-21.
[3] *Íd.,* págs. 12-17.
[4] *Íd.,* págs. 22-29.
[5] *Íd.,* págs. 30-33.
[6] *Íd.,* págs. 34-38

Luego, el 28 de marzo de 2025, el señor Mayendía Blanco presentó, por derecho propio, su *Contestación y Solicitud de Desestimación.*[7] Argumentó que la *Demanda Jurada* no procede en su contra, toda vez que es un accionista con el cincuenta por ciento (50%) de participación y funge como presidente de Jardín del Edén desde el 23 de julio de 2009. Sostuvo, además, que no existe ningún acuerdo que instituya a la señora Blanco Casasnovas como presidenta de la corporación y, por tanto, no estaba autorizada a presentar la *Demanda Jurada.* Razón por la cual, solicitó la desestimación de la referida demanda.

Ese mismo día, 28 de marzo de 2025, el foro primario emitió *Orden*[8] en la que dispuso como sigue: "Replique parte demandante en cinco días. Tenga igual tiempo la parte demandada para comparecer por medio de representación legal."

El 1 de abril de 2025, el señor Mayendía Blanco instó, por derecho propio, *Presentación de Documentos* mediante la cual adjuntó varios documentos adicionales para sustentar su solicitud de desestimación.[9] Ante esto, el 1 de abril de 2025, el foro primario emitió *Orden* en la cual dispuso lo siguiente: "Anuncie su representación legal antes de la vista".[10]

El 3 de abril de 2025, Jardín del Edén presentó *Oposición a "Contestación y Solicitud de Desestimación" y Solicitud de Reconsideración.*[11] Adujo que la señora Blanco Casasnovas ha fungido como presidenta de Jardín del Edén desde el año 2012 hasta el año presente, salvo unos actos en específicos en el año 2017. Además, alegó que la señora Blanco Casasnovas es la única accionista de la referida corporación. Reiteró, a su vez, la necesidad de emitir un entredicho provisional o un *injunction* preliminar para

---

[7] *Íd.,* págs. 44-94.
[8] *Íd.,* pág. 95.
[9] *Íd.,* págs. 96-118.
[10] *Íd.,* pág. 119.
[11] *Íd.,* págs. 120-262.

proteger los intereses de Jardín del Edén y evitar su insolvencia. Por lo cual, solicitó reconsideración sobre la denegatoria de ordenar entredicho provisional.

En esa misma fecha, 3 de abril de 2025, el foro primario denegó la solicitud de reconsideración sobre entredicho provisional.[12] Además, emitió *Orden* mediante la cual denegó la solicitud de prorroga presentada por el señor Mayendía Blanco.[13] A su vez, emitió una *Resolución* en la que declaró no ha lugar la solicitud de desestimación del señor Mayendía Blanco.[14]  En particular, dispuso como sigue:

> Conforme a los documentos presentados por la señora Blanco, ésta acreditó ser la Presidenta de JDE, para todos los fines legales de la corporación y que podría tener derecho a un remedio contra la parte demandada, el señor Mayendía. La señora Blanco en a[r]as de cumplir con su deber de lealtad y fiduciario como directora y oficial de la corporación, tiene el deber de proteger la solvencia de la corporación y está autorizada legalmente a entablar la Demanda Jurada de este caso. Ninguno de los documentos presentados por el demandado controvierte que desde el 2018 hasta el presente la señora Blanco ha sido la presidenta de JDE. El Tribunal, tomando como ciertos los hechos bien alegados de la Demanda Jurada y de la manera más favorable para el demandante, únicamente para propósito de la solicitud de desestimación, determina que existen posibles causas de acción en contra de la parte demandada y que JDE tenga derecho a remedios a su favor. Asimismo, enfatizamos que no estamos pasando juicio alguno sobre los méritos de los planteamientos esbozados.

Al día siguiente, 4 de abril de 2025, el foro primario celebró la vista *injunction* preliminar.  Allí ambas partes presentaron tanto sus argumentos como prueba testifical y documental que entendieron pertinente. En el caso de Jardín del Edén, su desfile de prueba consistió en: (1) el testimonio de la señora Blanco Casasnovas; (2) los informes anuales desde el año 2017 al 2023 (*exhibit* 1); y (3) los cuadres diarios recibidos por el señor Mayendía Blanco (exhibit 2). Por su parte, el señor Mayendía Blanco compareció por derecho propio y presentó su propio testimonio como evidencia.

---

[12] *Íd.,* págs. 263-264.
[13] *Íd.,* pág. 271.
[14] *Íd.,* págs. 272-277.

Así las cosas, el 4 de abril de 2025, el foro primario declaró con lugar la solicitud de *injunction* preliminar en contra del señor Mayendía Blanco e impuso una fianza de $500.00.[15] Además, le ordenó al señor Mayendía Blanco lo siguiente: (i) no atribuirse dinero en efectivo o de cuentas bancarias de Jardín del Edén; (ii) no utilizar los activos y servicios de Jardín del Edén para uso personal y sus negocios; y (iii) no intervenir con los empleados de Jardín del Edén. A su vez, estableció las determinaciones de hecho siguientes:

1. La Sra. Nell Blanco Casasnovas es dueña y presidenta de Jardín del Edén, Inc.

2. Jardín del Edén, Inc. es una corporación que opera un cementerio con funeraria, centro de cremación en Cidra y Cayey (sólo funeraria).

3. Esta realiza funciones administrativas, y como presidenta lleva control de las cuentas.

4. El demandado Sr. Alejandro Mayendía Blanco, es hijo de la testigo.

5. El demandado tiene negocios propios. Incluyendo de servicios funerarios.

6. El demandado utiliza los recursos físicos (propiedades) y fiscales de Jardín del Edén, Inc., para sus propios negocios.

7. También utiliza a los empleados de Jardín del Edén para sus negocios.

8. Lo anterior afecta las operaciones de Jardín del Edén, Inc.[16]

Inconforme con lo anteriormente resuelto, el 5 de mayo de 2025, el señor Mayendía Blanco acudió ante este Tribunal mediante el recurso de epígrafe en el cual señaló los errores siguientes:

PRIMER ERROR: Erró el TPI al privar a la parte peticionaria de su propiedad sin el debido proceso de ley.

SEGUNDO ERROR: Erró el TPI al celebrar una vista de injunction preliminar sin dar la oportunidad a la parte peticionaria de comparecer debidamente representado.

Por su parte, el 27 de mayo de 2025, el recurrido presentó su *Oposición a Petición de Certiorari.*

---

[15] *Íd.,* págs. 484-489.
[16] *Íd.,* págs. 486-487.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

-II-

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una

adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el presente caso, el señor Mayendía Blanco alegó que el foro primario le privó de su propiedad —sin cumplir con el debido proceso de ley— al impedirle tener acceso o control sobre los activos y pasivos de la corporación. Adujo, además, que en la Vista de *injunction* preliminar no se le permitió comparecer representado por abogado y, ello tuvo el efecto de no estar preparado para contrainterrogar. Por lo cual, nos solicitó que —durante la etapa de descubrimiento de prueba— se le permita mantener su participación en la corporación o, en la alternativa, nombrar a un tercero como administrador.

Por su parte, el recurrido argumentó que la *Orden Injunction Preliminar* no privó al señor Mayendía Blanco de ninguna propiedad o interés propietario, sino que lo instruyó a abstenerse de realizar actos ilegales o indebidos. Sostuvo que la determinación del foro primario iba dirigida a proteger la integridad económica de la corporación, mientras se resuelve la controversia en su fondo. Además, señaló que el peticionario no ha colocado a este Tribunal en posición de evaluar la otorgación de la *Orden Injunction Preliminar*, ya que no presentó transcripción de la vista.

Tras examinar con detenimiento los autos de epígrafe, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Nótese que, la *Orden Injunction Preliminar* no adjudicó nada en relación con los derechos de propiedad ni titularidad accionaria de ninguna de las partes. Más bien, el foro primario lo que hizo fue

consignar que le otorgó credibilidad a la prueba testifical y documental presentada por el Jardín del Edén. En otras palabras, el foro primario creyó que el señor Mayendía Blanco utilizó los activos corporativos de Jardín del Edén indebidamente y, por ello, entendió pertinente emitir una orden de *injunction* preliminar para evitar daños inmediatos e irreparables y hasta la posible insolvencia del recurrido. Razón por la cual, concluyó que la controversia del caso de epígrafe requiere la continuación de los procedimientos para que ambas partes tengan oportunidad de probar sus alegaciones y descubrir la prueba pertinente. Lo anterior, no tiene el efecto de limitar de manera alguna la posibilidad del peticionario de hacer valer sus derechos en el procedimiento ordinario.

En cuanto a la falta de oportunidad de comparecer con representación legal, el expediente del caso de autos demuestra que el foro primario lo instruyó en dos ocasiones a comparecer con representación legal a la Vista de *injunction* preliminar. Véase, Apéndice del peticionario, págs. 95 y 119. Así pues, concluimos que el foro primario le brindó oportunidad al señor Mayendía Blanco para comparecer con representación legal.

Por tanto, entendemos que el foro *a quo* no incurrió en error de derecho ni abuso de discreción que, de no atenderse por este tribunal revisor, resultaría en un irremediable fracaso a la justicia.

Así pues, concluimos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la orden recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se **deniega la expedición** del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones